UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

LEROY BUTLER,

          Plaintiff,                      Case No. 2:22-cv-86

v.                                             Honorable Janet T. Neff

DALE J. HILSON et al.,

          Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 6.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted because his claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Discussion**

I.     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. Plaintiff is currently serving a term of 4 years, 3 months to 20 years of incarceration after pleading *nolo contendere* to a charge of perjury in connection with a prosecutor's investigative subpoena, in violation of Mich. Comp. Laws § 767A.9.[1] *See Butler v. Bauman*, No. 2:21-cv-79, 2021 WL 1809880, at *1 (W.D. Mich. May 6, 2021). Plaintiff sues Muskegon County Prosecuting Attorneys Dale J. Hilson, Matthew Roberts, Timothy Mott, and James L. Corbett in connection with their roles in prosecuting him on the perjury charges.

Plaintiff alleges that Defendant Mott is the prosecutor who handled the perjury charge. (ECF No. 1, PageID.3.) According to Plaintiff, the charge is invalid because the wrong date for the offense was stated on the record. (*Id.*) Plaintiff indicates that the offense underlying the prosecutor's subpoena occurred on July 19, 2018, but that he was not interviewed until July 21, 2018. (*Id.*) Plaintiff argues further that the register of actions notation that he took a plea on August 1, 2018, is invalid. (*Id.*, PageID.4.) He asserts that Defendant Roberts was also mentioned "on that document." (*Id.*) Plaintiff also claims that Defendant Corbett violated his rights because "the felony complaint was never signed by a judge/magistrate/clerk." (*Id.*, PageID.5.) According to Plaintiff, this lack of a signature is evidence that he was "in custody upon an arrest without a

---

[1] This sentence was ordered to run concurrently with a consecutive string of sentences imposed after Plaintiff pled *nolo contendere* to charges of felonious assault, felon in possession of a firearm, and use of a firearm during the commission of a felony. *See Butler*, 2021 WL 1809880, at *1. "That consecutive string was comprised of concurrent sentences of 1 to 10 years on the felon-in-possession conviction and 1 to 8 years on the felonious assault conviction, to be served consecutively to a sentence of 2 years for felony-firearm." *Id.* Those convictions and sentences, however, are not at issue in Plaintiff's complaint.

warrant." (*Id.*) Plaintiff avers further that Defendant Mott never advised him of his constitutional rights before questioning him pursuant to the subpoena. (*Id.*) He alleges that Defendant Hilson, as chief prosecuting attorney, knew about this prosecutorial misconduct and did nothing to fix it. (*Id.*)

Overall, Plaintiff asserts claims of prosecutorial misconduct. (*Id.*, PageID.6.) He contends that his perjury conviction is a "wrong[ful] conviction." (*Id.*, PageID.5.) He also alleges that the plea agreement was violated. (*Id.*, PageID.7.) As relief, Plaintiff requests that the Court dismiss his perjury conviction with prejudice because "it's a wrongful conviction." (*Id.*, PageID.8.) He also requests that the Court "continue this complaint that's being filed." (*Id.*)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Moreover, a state prisoner's challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254 and is not the proper subject of a civil rights action brought pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973).

### III. *Heck v. Humphrey*

A state prisoner cannot make a cognizable claim under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. In other words, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

As noted above, Plaintiff explicitly asserts that his perjury conviction is a wrongful conviction because of alleged prosecutorial misconduct by Defendants. As relief, he requests that the Court dismiss this conviction with prejudice. Success in Plaintiff's action would necessarily call into question the validity of his conviction and continued imprisonment. Plaintiff alleges "harm caused by actions whose unlawfulness would render [his] . . . sentence invalid[.]" *Heck*, 512 U.S. at 486. Therefore, unless he shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his claim "is not cognizable under § 1983." *Id*. at 487. Plaintiff has neither alleged nor shown that his sentence has been reversed, expunged, declared invalid, or called into question.[2] Accordingly, under *Heck*, his complaint is properly dismissed. A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (holding that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must

---

[2] Indeed, in 2021, Plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for perjury, felonious assault, felon in possession, and use of a firearm during a felony. *See id.* In an opinion issued on May 6, 2021, the Court concluded that the petition was barred by the one-year statute of limitations and directed that Plaintiff show cause why the petition should not be dismissed as untimely. *See id.* Plaintiff did not respond. Accordingly, on June 16, 2021, the Court dismissed the petition as untimely and declined to grant a certificate of appealability. Order & J., *Butler v. Bauman*, No. 2:21-cv-79 (W.D. Mich. June 16, 2021) (ECF Nos. 6, 7).

next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:    June 10, 2022            /s/ Janet T. Neff
                                                                 Janet T. Neff
                                                                 United States District Judge